**W. L. SCHAUTZ COMPANY**

v.

**The UNITED STATES.**

**No. 227-75.**

United States Court of Claims.

Dec. 14, 1977.

**374**

Donald LaBarre, Jr., Bethlehem, Pa., for plaintiff, Robert Margolis, Bethlehem, Pa., attorney of record; Margolis, LaBarre & Kucy, Bethlehem, Pa., of counsel.

Patricia B. Tucker, Washington, D. C., with whom was Asst. Atty. Gen. M. Carr Ferguson, Washington, D. C., for defendant; Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before DAVIS and KASHIWA, Judges.*

## OPINION

KASHIWA, Judge, delivered the opinion of the court:

This case is before us on an agreed stipulation of facts. The sole issue before the court for decision is whether a corporation is entitled to deduct a loss incurred from the sale in 1965 of a winter vacation home used solely by its shareholders. After careful consideration of the briefs and oral arguments presented, we hold it cannot for reasons hereafter stated.

The plaintiff, W. L. Schautz Company, is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its office located at 150 East Grove Street, Dunmore, Pennsylvania. Its business is yarn brokerage and yarn processing. During the period in issue, taxpayer was wholly owned by Walter L. Schautz, Sr., and members of his family.

In 1958, plaintiff purchased from an unrelated party a two-story, four-bedroom house located in a residential neighborhood of Palm Beach, Florida, about one block from the water. Plaintiff did not hold the property for use in its trade or business in any way. The property was held for the personal use of Walter L. Schautz, Sr., and his family, who used it as a winter vacation home.

From the time of the purchase in March 1958 until Mr. Schautz, Sr.'s death on January 1, 1961, the Schautz family used the property each year from the middle of October to the middle of April as a personal residence. After the death of Mr. Schautz, Sr., the property was vacant except for occasional use by his family. In some years the family paid rent for the use of the property. In fiscal 1959, no rent was paid. In fiscal 1960 and 1961, $3,600 in rent per year was paid. In fiscal 1962 and 1963, $7,200 per year in rent was paid. In fiscal 1964, no rent was paid and in fiscal 1965, $553.60 was paid.

In August 1965, the property was sold to an unrelated party at a loss. Plaintiff claimed a deduction for the loss on its federal income tax return for the taxable year ending January 31, 1966. The loss deduction was disallowed on audit and taxpayer paid the additional tax which resulted. Appropriate claims for refund were filed by taxpayer and disallowed by the Internal Revenue Service. Plaintiff subsequently filed suit here seeking the refund.

The question for decision is whether Internal Revenue Code [1] § 274 bars a corporation from deducting a loss incurred in the sale of property used solely as a winter

---

* Judge Durfee sat for oral argument before his death. He took no part in the decision.

1. Hereinafter all Internal Revenue Code sections will be cited I.R.C. and will be to the 1954 code as amended, unless otherwise stated.

vacation residence by the corporation's shareholders.

Plaintiff contends that it is entitled to deduct the loss under I.R.C. § 165(a) which states, "There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." This is so regardless of whether the property was used in the taxpayer's trade or business. *International Trading Co. v. Commissioner of Internal Revenue*, 484 F.2d 707 (7th Cir. 1973).

Plaintiff is correct that I.R.C. § 165(a) allows the taking of a deduction for a loss such as it incurred on the sale of the Florida property. It is also correct that the Seventh Circuit held that this was so regardless of whether the property was held for use in the corporation's trade or business.

However, there is a distinguishable difference between the facts involved in *International Trading Co., supra,* and this case. That difference is the taxable year in dispute. In *International Trading Co.,* the taxable year in dispute was 1957. The taxable year in dispute here is fiscal year 1966.[2] This distinction's importance is due to the passage of I.R.C. § 274 by Congress in 1962, with an effective date of January 1, 1963. §§ 4(a)(1) and (c), Revenue Act of 1962, P. L. 87–834, 76 Stat. 960. The Seventh Circuit acknowledged the potential impact of the enactment of section 274 on its conclusion that the loss was deductible and expressly qualified its decision in the following manner:

> * * * We reach no decision as to whether a loss of the type here involved would be deductible by a corporation after the effective date of Section 274. * * [484 F.2d at 712.]

Thus, the issue before this court was not reached by the Seventh Circuit.

Section 274 provides, in pertinent part, as follows:

(a) *Entertainment, amusement or recreation.—*

(1) *In general.*—No deduction otherwise allowable under this chapter shall be allowed for any item—

(A) *Activity.*—With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or

(B) *Facility.*—With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business.

A winter vacation home is clearly a facility used in connection with an activity generally considered to constitute recreation, entertainment, or similar activity described under the terms of section 274(a)(1). Treas.Reg. §§ 1.274–2(b)(1) and 1.274–2(e)(2) (1963). Indeed, the taxpayer does not challenge the characterization of the Palm Beach residence as an entertainment facility under section 274(a)(1). Since it is such a facility and the plaintiff has stipulated that the property was not used in its trade or business, section 274(a)(1) clearly disallows the loss deduction plaintiff claimed on its fiscal 1966 tax return.

---

**2.** Plaintiff reported its taxable income on a February 1–January 31 fiscal year basis. The taxable year in dispute is the February 1, 1965, through January 31, 1966, fiscal year.

Plaintiff has advanced several reasons why the disallowance provisions of section 274(a) should not be applied in this case. First, plaintiff claims it fits within an exception to section 274(a). I.R.C. § 274(f) states:

> (f) *Interest, Taxes, Casualty Losses, etc.*—This section shall not apply to any deduction allowable to the taxpayer without regard to its connection with his trade or business (or with his income-producing activity). In the case of a taxpayer which is not an individual, the preceding sentence shall be applied as if it were an individual.

Plaintiff contends that the first sentence of subsection (f) read in conjunction with *International Trading Company, supra*, saves it from the disallowance mandated by section 274(a). The limiting provision of subsection (f) instructs us, however, that in applying the exception a corporate taxpayer, like plaintiff, shall be treated as an individual. When this is done the limitation of I.R.C. § 165(c),[3] which applies only to individuals, again requires the loss to be incurred in the conduct of a trade or business if it is to be deductible. Since plaintiff's loss was not incurred in the conduct of its trade or business, if fails to qualify under the exception stated in I.R.C. § 274(f).[4]

■ Next plaintiff contends that section 274 was intended to disallow deductions for expenses but not losses. We do not agree.

Section 274(a)(1) states that "no deduction otherwise allowable * * * shall be allowed * * *." It does not state no deduction for *expenses* otherwise allowable shall be allowed. The absence of the word "expenses" from section 274(a) is significant. Congress has demonstrated that it can limit disallowance provisions to expenses when it so intends. *See, e. g.,* I.R.C. §§ 262, 267(a)(2).[5] It is also clear from the legislative history of the Revenue Act of 1962 that Congress intended section 274 apply to losses. Both the House Ways and Means Committee Report and the Senate Finance Committee report state:

> In addition to items commonly regarded as expenses "with respect to a facility," such as expenditures for the maintenance, preservation, or protection of the facility, this provision also relates to depreciation and *losses realized on certain sales of entertainment facilities.* H. R. Rep. No. 1447, 87th Cong., 2d Sess. 21–22 (1962); S. Rep. No. 1881, 87th Cong., 2d Sess. 31 (1962). [Emphasis supplied.][6] U.S.Code Cong. & Admin.News 1962, pp. 3297, 3333.

■ Finally, plaintiff contends that corporate taxpayers do not deduct losses realized on the sale of capital assets, but offset the losses against capital gains. I.R.C. § 1211(a). Plaintiff is correct in that I.R.C. § 1211(a) states a corporate taxpayer can deduct capital losses to the extent there are capital gains. However, before any loss can

---

**3.** I.R.C. § 165:

"(c) *Limitation on losses of individuals.*—In the case of an individual, the deduction under subsection (a) shall be limited to—

"(1) losses incurred in a trade or business;

"(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

"(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss

described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return."

**4.** One instance when I.R.C. § 274(f) would help a corporate taxpayer, like plaintiff, deduct an otherwise disallowed loss is in the case of a casualty loss. Treas.Reg. § 1.274–6 (1963).

**5.** Other courts have recognized and relied upon the presence or absence of the word "expenses" in a disallowance provision. *International Trading Co. v. Commissioner of Internal Revenue*, 484 F.2d 707, 712 (7th Cir. 1973).

**6.** Since we hold that I.R.C. § 274(a) applies to loss deductions, we reject plaintiff's argument that only I.R.C. § 274(g) applies to loss deductions.

be so offset it must be deductible under I.R.C. § 165(a). *Estate of Gutman v. Commissioner of Internal Revenue*, 18 T.C. 112 (1952). Since the loss involved in this case does not qualify as a deductible item, it cannot be offset against other capital gains.

The taxpayer does not raise the issue of whether the property was held in a rental trade or business after 1961. Therefore, we do not consider it.

## CONCLUSION OF LAW

In conclusion, we hold that I.R.C. § 274(a) disallows the deduction by plaintiff of the loss incurred on the sale of the Florida property in August 1965. Since this is the sole basis upon which plaintiff's refund claim is based, plaintiff is not entitled to recover. Therefore, the petition is dismissed.